**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Santos PATINO–SALAZAR,**
**Defendant–Appellant.**

No. 99–50082.

D.C. No. CR–98–00090–LHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 2000.[1]

Decided Jan. 22, 2001.

Before WRIGHT, CHOY, and SKOPIL, Circuit Judges.

MEMORANDUM [2]

Santos Patino–Salazar ("Patino–Salazar") appeals his sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 1291 and 18 U.S.C. § 3742(a) and we affirm.

Patino–Salazar pled guilty to one count of illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. At sentencing, the district court determined that his previous conviction for an aggravated felony increased the statutory maximum sentence to twenty years imprisonment. *See* 8 U.S.C. § 1326(b)(2). The court sentenced him to fifty-seven months in prison, well within the statutory maximum. Patino–Salazar alleges that the district court erred in sentencing him above the two-year statutory maximum of section 1326(a) because he did not admit during his guilty plea, nor did the government prove beyond a reasonable doubt, that he had been previously convicted of an aggravated felony.

Section 1326(b), which allows for a twenty year maximum sentence where the defendant was previously convicted of an aggravated felony, is a penalty provision of the statute, not a separate crime nor an element of the underlying crime of unlawful reentry. *See Almendarez–Torres v. United States,* 523 U.S. 224, 226, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Thus, the government need not charge the fact of the prior conviction in the indictment or prove it beyond a reasonable doubt. *See id.* at 226–27.

Patino–Salazar attempts to distinguish his case from *Almendarez–Torres,* arguing that it is instead controlled by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). He contends that because he never admitted that his removal from the United States followed his conviction for an aggravated felony, nor was that fact found by jury beyond a reasonable doubt, *Apprendi* does not allow a punishment outside of the range of 8 U.S.C. § 1326(a) to be imposed in this case.

The Court in *Apprendi* "carved out an exception for prior convictions that specifically preserved the holding of *Almendarez–Torres.*" *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000). "*Almendarez–Torres v. United States* ... stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." *Jones v. United States,* 526 U.S. 227, 248, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (internal citations omitted). Thus, the timing of the conviction is not an element that must be presented to a jury and proven beyond a reasonable doubt; it may be determined by the judge. Further, "nowhere does *Apprendi* limit *Almendarez–Torres* to cases where a defendant admits prior aggravated felony convictions on the record." *Pacheco–Zepeda,* 234 F.3d at 414.

Finally, Patino–Salazar argues that following *Apprendi,* the continued viability of *Almendarez–Torres* is open to serious question. *See Apprendi,* 530 U.S. at 488, 120 S.Ct. at 2362. However, "unless and until the Supreme Court expressly overrules it, *Almendares–Torres* controls here." *Pacheco–Zepeda,* 234 F.3d at 414. *See also Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

The government was not required to prove beyond a reasonable doubt that Patino–Salazar's removal from the United States followed a conviction for an aggravated felony, and it is of no moment that he did not admit the fact or timing of his prior conviction. The district court did not err in making its sentencing determination.

Patino–Salazar has requested a stay of proceedings pending resolution of certiorari in this court's *Pacheco–Zepeda* decision. Patino–Salazar's request for a stay is DENIED and the sentence of the district court is AFFIRMED.